**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

INTERNATIONAL BUSINESS MACHINES CORPORATION,

                *Plaintiff*,

     v.

PATAMA CHANTARUCK,

                *Defendant*.

**AFFIDAVIT OF SERVICE**

Case No. 7:23-CV-01191-CS

---

     I, James Levine, pursuant to 28 U.S.C. § 1746, declare as follows:

     1.     I am a partner at Davis+Gilbert LLP.  We represent Plaintiff International Business Machines Corporation ("IBM") in the above-captioned action (the "Action").  I submit this Affidavit to affirm, based on my personal knowledge, information, and belief, that Defendant Patama Chantaruck ("Defendant") has been served with the Summons and Complaint pursuant to Federal Rule of Civil Procedure 4(f)(2)(C)(ii).

     2.     IBM filed the Complaint on February 13, 2023, alleging that Defendant, a former IBM employee, failed to repay IBM $470,220.96 in equity awards that IBM rescinded after Defendant became employed by a competitor within a contractually proscribed period of time.  (*See* Dkt. No. 1.)

     3.     Prior to filing the Complaint, IBM had corresponded with Defendant directly by mailing a letter via Federal Express delivered to her last known address.  IBM had also previously corresponded with Defendant by emailing two of her known email addresses.

     4.     Prior to filing the Complaint, IBM had also corresponded with Defendant by and through her counsel in Thailand, Sayan Atthaworadej of Atthaworadej & Associates Co., Ltd. by

1

email and Federal Express. Mr. Atthaworadej indicated that he was not authorized to accept service of process on her behalf.

5. Rule 4(f) of the Federal Rules of Civil Procedure enumerates several methods by which service can be effectuated on individuals who are located in a foreign country. Specifically, Rule 4(f)(2)(C)(ii) permits service on persons located in a foreign country using "any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt," provided that it is also "reasonably calculated to give notice" and is not prohibited by the foreign country's law. *See SEC v. Global Inv. Strategy UK Ltd.*, 20 Civ. 10838 (AKH), 2021 U.S. Dist. LEXIS 202592, at *5-6 (S.D.N.Y. Oct. 19, 2021) (holding that service of process on foreign defendant was sufficient and the procedural requirements of Fed. R. Civ. P. 4(f)(2)(C)(ii) had been met when "Plaintiff delivered a letter to the Clerk's Office requesting service by Federal Express of the Summons and Complaint and other documents" to foreign defendants; the "Clerk posted Certificates of Mailing"; and "after receiving proofs of service from Federal Express, Plaintiff filed its Affirmation of Service.")

6. "[T]he Southern District of New York's Clerk of Court has established procedures for serving a complaint on a foreign defendant." *See Global Inv. Strategy UK Ltd.*, 2021 U.S. Dist. LEXIS 202592, at *5 (citing the Clerk's Office Foreign Mailing Instructions[1]) (the "Foreign Mailing Instructions"). The Foreign Mailing Instructions recommend using Federal Express for service under Rule 4(f)(2)(C)(ii). *See* Foreign Mailing Instructions at 2, 9.

7. Defendant resides in Thailand, which is not a party to the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. *See* HCCH Status Table.[2]

---

[1] Available at: https://nysd.uscourts.gov/sites/default/files/2019-11/Foreign_Mailing_Instructions.pdf.
[2] Available at: https://www.hcch.net/en/instruments/conventions/status-table/?cid=17.

8. Thailand does not specifically prohibit service by mail. *See UM Corp. v. Tsuburaya Prods. Co.*, Case No. 2:15-cv-03764-AB (AJWx), 2016 U.S. Dist. LEXIS 194306, at *3-5 (C.D. Cal. Sept. 22, 2016) (granting motion for entry of default judgment and holding that plaintiff had comported with Rule 4(f) and due process by serving a Thai individual via "many methods" including personal service, email to his attorney, and mailings to his home and his attorney, which methods were "not prohibited by Thai law" and "were reasonably calculated to give notice"); *Polargrid LLC v. Videsh Sanchar Nigam Ltd.*, No. 04 CV 9578 (TPG), 2006 U.S. Dist. LEXIS 17531, at *6 (S.D.N.Y. Apr. 7, 2006) (mailing by Federal Express directed by the Clerk was permissible under Rule 4(f)(2)(C)(ii) because it did not "actually *violate* the law of the country where service is attempted" even if it was not specifically enumerated as a permitted means of service) (emphasis in original.)

9. Service via Federal Express to a person's residence is an appropriate method for service on foreign defendants under Rule 4(f)(2)(C)(ii). *See Polargrid*, 2006 U.S. Dist. LEXIS 17531, at *5-6 ("[Plaintiff] has subsequently effected service by a method that is undoubtedly sufficient, by having the Clerk of Court mail process to [defendant] via Federal Express.").

10. On February 17, 2023, I caused to be delivered to the Clerk's Office a letter requesting service of the (1) summons; (2) Complaint; (3) civil cover sheet; (4) L.R. 7.1 disclosure statement; (5) Court's ECF Rules and Instructions; and (6) Judge Seibel's Individual Rules. In that mailing, we further enclosed a prepaid Federal Express envelope sufficient to hold an entire set of the above-referenced papers and a courtesy copy for the Clerk's Office, pursuant to the Foreign Mailing Instructions.

11. On February 21, 2023, the Clerk posted a Certificate of Mailing certifying, under the penalties of perjury, that a copy of the (1) summons; (2) Complaint; (3) civil cover sheet; (4)

3

L.R. 7.1 disclosure statement; (5) Court's ECF Rules and Instructions; and (6) Judge Seibel's Individual Rules had been served on Defendant pursuant to Rule 4(f)(2)(C)(ii) via Federal Express, signature required, to Defendant's last known address.  (*See* Dkt. No. 8.)

12.     On February 25, 2023, I received from Federal Express proof of delivery with signature, demonstrating that the (1) summons; (2) Complaint; (3) civil cover sheet; (4) L.R. 7.1 disclosure statement; (5) Court's ECF Rules and Instructions; and (6) Judge Seibel's Individual Rules were served on Defendant via Federal Express on February 25, 2023 at 12:07PM (the "Proof of Delivery").  (*See* Dkt. No. 9 at 1-2.)

13.     On February 27, 2023, pursuant to the Foreign Mailing Instructions (page 9, Procedures for Service Pursuant to Rule 4(f)(2)(C)(ii), Section 3(B)(3)), I caused to be delivered to the Clerk's Office a letter and the Proof of Delivery.  (*See id.*)

14.     On March 9, 2023, the Clerk's Office entered a Certificate of Mailing, certifying that it had received the Proof of Delivery on February 28, 2023.  (*See id.* at 1.)

15.     This litigation against Defendant has been featured in several online news stories starting on February 14, 2023, including those published by *Bloomberg Law*[3] (also circulated by the *Bangkok Post*[4]) and *Business Insider*[5].  Defendant is reported as having declined to comment on these stories.

---

[3] Ava Benny-Morrison, *IBM Sues Former Thai Executive for Return of 470,000 Bonus*, BLOOMBERG LAW, Feb. 14, 2023, https://news.bloomberglaw.com/tech-and-telecom-law/ibm-sues-former-top-thai-executive-for-return-of-470-000-bonus.

[4] BLOOMBERG NEWS, *IBM Sues Former Thai Exec for Return of Bonus*, BANGKOK POST, Feb. 14, 2023, https://www.bangkokpost.com/business/2506134/ibm-sues-former-thai-executive-patama-chantaruck-for-return-of-470-000-bonus.

[5] Grace Dean, *IBM is Suing a Former Top Executive, Saying She Needs to Return $470,000 in Bonuses After She Took a Job at a Rival Firm*, BUSINESS INSIDER, Feb. 14, 2023, https://www.businessinsider.com/ibm-sues-thailand-exec-return-bonus-resign-rival-accenture-chantaruck-2023-2.

16. *The Nation (Thailand)*[6] reported that Defendant is aware of the lawsuit and has "hit back in a LinkedIn post on Sunday." Upon information and belief, the article is referring to Ms. Chantaruck's public LinkedIn post of February 19, 2023, prior to any of the above-referenced mailings having been sent or delivered.

17. On March 13, 2023, Kim L. Michael, Esq., an attorney at Harris St. Laurent & Wechsler LLP, contacted me to inform me that her firm represents Defendant in the Action and to request an extension of Defendant's time to answer the Complaint in the Action. Ms. Michael will be provided a copy of this Affidavit along with a copy of the Complaint.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Dated: March 15, 2023
New York, NY

**DAVIS+GILBERT LLP**

*/s/ James R. Levine*
James R. Levine

1675 Broadway
New York, New York 10019
Telephone: (212) 468-4985
jlevine@dglaw.com

*Attorneys for Plaintiff*
*International Business Machines Corporation*

---

[6] *Ex-IBM Thailand Chief Hits Back at Lawsuit Demanding Half a Million Dollars*, THE NATION THAILAND, Feb. 20, 2023, https://www.nationthailand.com/business/corporate/40025051.

## **CERTIFICATE OF SERVICE**

Copies of this Affidavit of Service and the Complaint in this Action are being provided to the attorney who has stated she is representing Defendant by Federal Express and email:

Kim L. Michael
Harris St. Laurent & Wechsler LLP
40 Wall Street, 53rd Floor
New York, NY 10005

Email: kmichael@hs-law.com

Dated: March 15, 2023

                                         */s/ James Levine*
                                         James R. Levine